IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES RAMAGE,
            Petitioner,

                                                    Civil Action No. 1:11cv77
v.                                          Criminal Action No. 1:09cr61
                                                    (Judge Keeley)

UNITED STATES OF AMERICA,

            Respondent.

## OPINION/REPORT AND RECOMMENDATION

On April 25, 2011, the *pro se* petitioner drafted and sent a document to the Court titled "Habeas Corpus" or alternatively, "Writ for Habeas Corpus." In his petition, the petitioner contended that there was insufficient evidence to support his guilty plea and the District Court breached the plea agreement. Further, petitioner raised four allegations of ineffective assistance of counsel, and as relief, sought to withdraw his guilty plea. Petitioner's habeas corpus motion was received and docketed by the Court on May 9, 2011. (Dkt.# 88).

On May 12, 2011, the Court advised petitioner, via a Notification to Defendant of Right to Consent to Proceed Under 28 U.S.C. § 2255 or to Proceed as Filed (Dkt.# 91), of its intent to characterize his April 25, 2011 motion as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 unless petitioner responded to the contrary within twenty (20) days. The Court included an election form for petitioner to fill out and return to facilitate the process, and further, advised petitioner of all of his rights under 28 U.S.C. § 2255.

On May 14, 2011 petitioner signed the election form, choosing to have his April 25, 2011 motion converted to a motion filed pursuant to 28 U.S.C. § 2255. (Dkt.# 94) and returned it to the Court. The form was received by the Court on May 16, 2011 and docketed the same day. Accordingly, petitioner's May 9, 2011 motion was re-docketed that day as a § 2255 motion. (Dkt.#

96). This case, which is pending before me for initial review and opinion/report and recommendation, pursuant to LR PL P 83.15, *et seq.,* is ripe for review.

## I. Procedural History

### A. Petitioner's Conviction and Sentence

Petitioner was named in a one-count indictment issued by a grand jury sitting in the Northern District of West Virginia on May 5, 2009, charging that Petitioner was a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On December 10, 2009, 2010, petitioner entered a conditional plea of guilty to Count 1 of the indictment, reserving the right to appeal the Court's ruling on its denial of his motion to suppress. On March 15, 2010, he was sentenced to 33 months imprisonment to be followed by three years supervised release. Because petitioner's plea was conditional and he indicated he intended to appeal the suppression issue as well as the plea, he was permitted to remain on bond. The effective date of his sentence was suspended until one month after the Court received notice of the Fourth Circuit Court of Appeals' decision, or notice of any further petition to the U.S. Supreme Court. (Dkt.# 80 at 14). However, on May 17, 2011, a status conference was held and petitioner was directed to self-report for service of his sentence on or before noon on June 16, 2011. (Dkt.# 97).

### B. Direct Appeal

Petitioner filed a notice of appeal on April 6, 2010. (Dkt.# 72). On appeal, petitioner contended that the District Court erred in denying his motion to suppress, because the entry was illegal, the initial taint of illegal entry was not purged, and he had expressly refused to consent to the search. On March 17, 2011, by unpublished *per curiam* opinion, the Fourth Circuit Court of

Appeals affirmed the District Court's order denying petitioner's motion to suppress. (Dkt.# 83). Petitioner did not file a motion for rehearing or rehearing *en banc*. Mandate issued on April 8, 2011. On April 29, 2011 petitioner filed a petition for writ of *certiorari* with the U.S. Supreme Court. That petition is still pending.

## C. Petitioner's Federal Habeas

Only ten days after the filing of his petition for writ of certiorari,[1] Petitioner filed this motion to vacate his sentence under § 2255. In his petition, Petitioner asserts multiple grounds for relief:

1) there was insufficient evidence to support his guilty plea, and

2) the District Court breached the plea agreement.

3) Counsel was ineffective for:

    a) conducting an inadequate investigation;

    b) making false promises to and misleading him;

    c) badgering him into pleading guilty to a crime he did not commit; and

    d) not arguing against the increase in petitioner's "Classification Score"[2] points and not advising petitioner that he did not have to accept the same.

As relief, the petitioner seeks to withdraw his guilty plea.

## II. Analysis

A district court should not entertain a habeas corpus petition while there is an appeal pending in this court or in the Supreme Court; the reason for this rule is that disposition of the appeal may

---

[1] Petitioner actually drafted and mailed this § 2255 motion on April 25, 2011, four days before he filed his April 29, 2011 petition for writ of certiorari. However, his § 2255 motion was not received and docketed with this Court until May 9, 2011, ten days after the petition for writ of certiorari had already been filed.

[2] Presumably, petitioner is referring to the two-level increase in his base offense level for obstruction of justice, for falsely testifying as to a material matter at the suppression hearing. (Dkt.# 80 at 7 and 11).

3

render the habeas corpus writ unnecessary. Feldman v. Henman, 815 F.2d 1318 (9th Cir. 1987), quoting Black v. U.S., 269 F.2d 38, 41 (9th Cir. 1959); Nemec v. U.S., 184 F.2d 355 (9th Cir. 1950).

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

**The limitation period shall run from the latest of**:

A. **The date on which the judgment of conviction becomes final**;

B. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

C. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added).

In the context of post-conviction relief, finality attaches when the United States Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires. Clay v. U.S., 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed. 2d 88 (2003). Here, because direct review is still ongoing, the date on which judgment becomes final has not yet arrived and therefore, petitioner cannot properly collaterally attack his conviction. As a general rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v.

4

Provident Consumer Discount Co., 459 U.S. 56, 5103 S.Ct. 400, 74 L.Ed. 225 (1982). This jurisdictional transfer principle prevents a district court from taking any action that would impermissibly "alter the status of the case as it rests before the Court of Appeals." Dayton Indep. School Dist. v. United States Mineral Prods. Co., 906 F.2d 1059, 1063 (5th Cir. 1990). Therefore, when an appeal is pending, the district court retains jurisdiction only to determine matters that are "uniquely separable" and collateral to the issues involved in the appeal. See Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 98 (3rd Cir. 1988). "This judge-made rule . . . was designed to address the confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously." United States v. Swint, 2007 U.S. Dist. LEXIS 13650 (E.D. Pa. Feb. 27, 2007) (internal citations and quotations omitted). "This is true if the appeal is still pending in [the district court] . . . [i]t is even more appropriate for the district court to decline to address the merits of a petition when review of the conviction is pending before the Supreme Court, as in Nemec, since neither the district court nor this court can treat such petitions for review as abandoned." Feldman, *supra* at 1320 - 21 (internal citations and quotations omitted).

Here, the issues raised by petitioner in his § 2255 motion are not "uniquely separable" and collateral from a decision on the merits of his petition for a writ of certiorari. Because the Supreme Court has not yet decided how it will treat petitioner's petition for a writ of certiorari, this court has no authority to entertain his § 2255 motion. Thus, petitioner's § 2255 motion should be dismissed as premature. Walker v. Connor, 2003 WL 21660483 (4th Cir. 2003) (unpublished).

### III. Recommendation

For the reasons set forth herein, the undersigned recommends that the Petitioner's § 2255

petition be **DISMISSED without prejudice as premature**.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Opinion/Report and Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge, Irene M. Keeley. **Failure to timely file objections to the Opinion/Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address on the docket sheet, and to counsel of record via electronic means, as applicable.

DATED: May 19, 2011.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE