IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**JAMES RAMAGE,**

       Petitioner,

v.                                                                 **Civil Action No. 1:11-CV-77**
                                                                       **Criminal Action No. 1:09-CR-61**
                                                                                        **(BAILEY)**

**UNITED STATES OF AMERICA,**

       Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.    Introduction**

On this day, the above-styled matter came before the Court for consideration of the Amended Report and Recommendation ("R&R") of United States Magistrate Judge David J. Joel [Civ. Doc. 45; Crim. Doc. 149], filed April 16, 2012. In that filing, the magistrate judge recommends that this Court deny petitioner James Ramage's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Civ. Doc. 13; Crim. Doc. 114], filed August 1, 2011.

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within 14 days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1). The petitioner timely mailed his Objections [Civ. Doc. 47; Crim. Doc. 151] on April 26, 2012. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

## II. Background

Insofar as Magistrate Judge Joel has thoroughly outlined the relevant factual and procedural history in his R&R, this Court repeats here only a condensed version of that summary. In December 2009, the petitioner entered a conditional plea of guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) & 924(a)(2). The petitioner reserved the right to appeal the District Court's denial of the petitioner's motion to suppress evidence seized through an alleged illegal search of his residence and an alleged illegal interrogation. The petitioner was sentenced to 33 months imprisonment followed by a three-year term of supervised release.

The petitioner appealed the Court's denial of his motion to suppress to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit affirmed the Court's order on the grounds that even if officers illegally entered the petitioner's home, the evidence recovered from the home was ultimately admissible. **United States v. Ramage**, 417 F. App'x 292, 294 (4th Cir. 2011) *cert. denied*, 131 S. Ct. 2946 (2011). The Court of Appeals

held that the petitioner's wife's consensual conversations with officers was sufficient to purge any initial taint of the entry into the home.

In August 2011, the petitioner filed the instant 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Civ. Doc. 13; Crim. Doc. 114].[1] The petitioner asserts three grounds for relief: (1) the petitioner's arrest and charge were "based on evidence that was collected in violation of [his] 4th Amendment right," (2) the petitioner was eligible for a downward departure based on special offender characteristics for military service which petitioner's counsel failed to bring to the Court's attention, and (3) petitioner's counsel refused to contest the Court's two-level enhancement at sentencing for obstruction of justice. The petitioner seeks to have the enhancement removed and his sentence reduced or that he be resentenced with a downward departure. The petitioner then filed a Motion to Supplement § 2255 Pleadings, requesting to add claims of factual innocence of obstruction of justice, ineffective assistance of counsel at sentencing, and ineffective assistance of counsel which rendered the plea invalid because it was not entered into knowingly and voluntarily [Civ. Doc. 20; Crim. Doc. 120]. The motion was granted by Magistrate Judge Joel on November 18, 2011 [Civ. Doc. 21; Crim. Doc. 121]. The Government filed Responses to the petitioner's motion and supplement [Civ. Docs. 23,35-1; Crim. Docs. 123, 136-1], countering each of the petitioner's claims.

On March 21, 2012, Magistrate Judge Joel filed an R&R recommending that this

---

[1] The petitioner previously filed a Motion Under 28 U.S.C. § 2255 [Civ. Doc. 1; Crim. Doc. 96]. The motion was denied without prejudice as premature because the United States Supreme Court had not yet ruled on the petitioner's petition for a writ of certiorari [Civ. Doc. 8; Crim. Doc. 109].

Court deny and dismiss the petitioner's § 2255 petition in its entirety [Civ. Doc. 39; Crim. Doc. 141]. Eight days later, the Court received the petitioner's reply brief [Civ. Doc. 41; Crim. Doc. 143].[2] The petitioner then filed a Motion to Request to File Reply Out of Time or, Alternatively, Construe Reply Motion as the Timely Objections to the Magistrate's Report and Recommendation [Civ. Doc. 42; Crim. Doc. 145]. The Court granted the petitioner's motion and stated that it would file an Amended R&R to take into consideration the petitioner's Reply [Civ. Doc. 43; Crim. Doc. 147]. On April 16, 2012, Magistrate Judge Joel filed the instant Amended R&R [Civ. Doc. 45; Crim. Doc. 149], recommending that this Court vacate its prior R&R and deny and dismiss the petitioner's § 2255 petition in its entirety. The petitioner timely objected [Civ. Doc. 47; Crim. Doc. 151].

### III. Discussion

#### A. Ineffective Assistance of Counsel Standard

To establish a claim for ineffective assistance of counsel, the petitioner must demonstrate that: (1) counsel's conduct fell below an objective standard of reasonableness and (2) the petitioner was prejudiced by counsel's deficient performance. **Strickland v. Washington**, 466 U.S. 668, 687 (1964).

#### B. *De Novo* Review

In his Objections, the petitioner challenges the recommendations of Magistrate Judge Joel as to the magistrate judge's analysis under **Kimmelman v. Morrison**, the credibility and impact of the testimony of Jalysa Brooks, and counsel's performance related

---

[2]The petitioner's motion also included a Motion for Leave to File an Oversized Brief, which was granted by the Court [Civ. Doc. 43; Crim. Doc. 147].

4

to the two-level obstruction of justice enhancement that the petitioner received. As such, this Court will review those recommendations in turn *de novo.*

### 1.     Magistrate Judge's Analysis Under *Kimmelman v. Morrison*

The petitioner put forth in his Reply to the Government's Response that his counsel's failure to litigate a Fourth Amendment claim competently was ineffective assistance of counsel under **Kimmelman v. Morrison**, 477 U.S. 365 (1986) [Civ. Doc. 143-1; Crim. Doc. 41-1 at 3–4]. The magistrate judge recommends dismissal because "nothing in the record suggests that Petitioner's counsel was ineffective under *Kimmelman* in his presentation of the Fourth Amendment claim." [Civ. Doc. 45; Crim. Doc. 149 at 26]. The petitioner objects, stating that "establishing that the guilty plea was invalid, as the R&R suggest[s], is not part of the issue at hand nor the standard under *Kimmelman* claim." [Civ. Doc. 47; Crim. Doc. 151 at 2].

The petitioner's objection is a misunderstanding of the R&R. The magistrate judge's statement, that the petitioner failed to establish that his guilty plea was invalid, is based on an analysis under **Strickland v. Washington**. In order to prevail on an ineffective assistance of counsel claim related to counsel's failure to litigate a Fourth Amendment claim competently, a petitioner must satisfy both the requirements of **Strickland** and the requirements of **Kimmelman**. As explained in **Kimmelman**:

> In order to prevail [on an ineffective assistance of counsel claim under **Strickland v. Washington**], the defendant must show both that counsel's representation fell below an objective standard of reasonableness, and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must <u>also</u> prove

> that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice. Thus, . . . the two claims have separate identities and reflect different constitutional values.

*Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) (internal citations omitted) (emphasis added).

The magistrate judge's statement that the petitioner failed to establish that his guilty plea was invalid due to ineffective assistance of counsel, therefore, referred not to the factors under **Kimmelman** but instead to the two-prong ineffective assistance of counsel test under **Strickland**. The magistrate judge goes on to analyze the Fourth Amendment claim under **Kimmelman** and states that "nothing in the record suggests that Petitioner's counsel was ineffective under **Kimmelman** in his presentation of the Fourth Amendment claim." [Civ. Doc. 45; Crim. Doc. 149 at 26]. This Court agrees. Accordingly, the petitioner's Objections are hereby **OVERRULED** to the extent that they relate to the magistrate judge's recommendations regarding the petitioner's claim under **Kimmelman**.

### 2. Testimony of Jalysa Brooks

The petitioner asserted in his Reply that his counsel was ineffective for failing to argue that the alleged illegal entry into the home was a flagrant violation of the petitioner's Fourth Amendment rights. [Civ. Doc. 143-1; Crim. Doc. 41-1 at 3–4]. The petitioner relied in part on the testimony of Jalysa Brooks, the daughter of the petitioner's wife. The petitioner asserts that Jalysa Brooks' testimony proves that the officer's second entry into the home was a flagrant violation of the petitioner's Fourth Amendment rights. [Id. at 4–6]. The magistrate judge finds that the petitioner "has not demonstrated how counsel's alleged

failure to rely on Jalysa Brooks' testimony establishes actual prejudice in his case." [Civ. Doc. 45; Crim. Doc. 149 at 25]. The petitioner objects.

The petitioner claims that his counsel "failed to press the point of the credibility of th testimony of Jalysa Brooks" and failed to establish that Brooks' testimony was entirely credible. [Civ. Doc. 47; Crim. Doc. 151 at 3]. The petitioner asserts that had counsel established Brooks' testimony as entirely credible, the Court would have found that the officer's entry was a flagrant violation of the petitioner's Fourth Amendment rights. The petitioner claims that Brooks' testimony "that both she and her mother . . . waited in the kitchen while Deputy Gearde searched the house alone, would contradict Gearde's testimony and, most importantly, render his intrusion flagrant." [Id.]. In turn, the petitioner contends, "suppression [of the evidence] would have been mandated." [Id.].

The Court agrees with the magistrate judge's recommendation. The issue of whether the officer's entry was a flagrant violation of the petitioner's Fourth Amendment Rights did not turn on whether Deputy Gearde searched the house alone or accompanied by Melissa Ramage. Whether the officer accompanied Mrs. Ramage to retrieve the gun from the bedroom was discussed at length in the Report and Recommendation as to the petitioner's Motion to Suppress Evidence [Crim. Doc. 20]. Therein, the magistrate judge stated:

> The physical evidence obtained during the unlawful second entry into the Ramage home and subsequent statement of defendant must be suppressed unless "the evidence . . . was obtained after an intervening 'act of free will [sufficient] to purge the primary taint of the unlawful invasion" and the subsequent consent to search. There are three factors that are relevant and which must be considered by the Court in determining whether the primary taint has been purged: "1) the amount of time between the illegal action and the acquisition of the evidence; 2) the presence of intervening

circumstances; and 3) the purpose and flagrancy of the official misconduct."

[Crim. Doc. 20 at 16] (internal citations omitted). The magistrate judge recommended, and the Court agreed, that the second and third factors weighed heavily in favor of admissibility.

With respect to the second factor, the Court found that Melissa Ramage's actions after the unlawful entry constituted significant intervening circumstances. The significant intervening circumstances were 1) Mrs. Ramage accompanied the deputy sheriff upstairs and to the box and gun and 2) Mrs. Ramage never once asked the deputy sheriff to leave. Even if the Court adopted Ms. Brooks' version of events, there is a second intervening circumstance. Additionally, these factors go to the existence of intervening circumstances, not flagrancy of the misconduct.

Additionally, the magistrate judge found that the third factor, the "purpose and flagrancy" of the official misconduct, weighed heavily in favor of admissibility. [Id.]. The magistrate judge's R&R stated that the purpose of the officer's reentry into the house was to process a domestic call. [Id. at 17]. The officer sought assurance that a firearm was not present for fear that the initial dispute would again flare up and deteriorate into a violent episode when Mrs. Ramage's husband returned. [Id. at 17–18].

Further, the petitioner's contention that "the testimony of Jalysa Brooks was the conditional element in determining whether suppression is warranted" [Civ. Doc. 47; Crim. Doc. 151 at 3], fails because even if the Court adopted Ms. Brooks' version of events, the evidence would not have been suppressed. Jalysa Brooks testified that Melissa Ramage gave the officer permission to search the home. The magistrate judge's findings of facts state:

8

> [Melissa Ramage] testified she did not want [the officer] searching her house and asked him if he had a warrant. She testified that, in response, the deputy sheriff put his hand on his pistol in a threatening manner; said he did not need a warrant because he was investigating a domestic; and she, out of fear . . . told him she had a gun in a lock box in her upstairs bedroom. Jalysa Brooks confirmed her mother's version of the conversation, except she testified Melissa Ramage told the deputy sheriff "it was ok to search the house" but did not tell him where the gun was.

[Crim. Doc. 20 at 6, n. 7]. Therefore, Jalysa Brooks' testimony was not "the conditional element in determining whether suppression was warranted" as the petitioner contends. This Court agrees with the magistrate judge and adopts his recommendation of dismissal because the petitioner "has not demonstrated how counsel was ineffective for failing to rely on the testimony of Jalysa Brooks." [Civ. Doc. 45; Crim. Doc. 149 at 25]. Accordingly, the petitioner's Objections are hereby **OVERRULED** to the extent that they relate to the petitioner's ineffective assistance of counsel with respect to the testimony of Jalysa Brooks.

### 3. Two-Level Enhancement for Obstruction of Justice

The petitioner next asserts that counsel was ineffective by failing to "follow through on his objection" to the Court's enhancement for obstruction of justice [Civ. Doc. 47; Crim. Doc. 151 at 4]. The magistrate judge recommends dismissal because the petitioner's counsel used sound trial strategy to forego the obstruction of justice objection in an attempt to obtain a reduction in his guidelines sentence based on acceptance of responsibility. The petitioner objects, stating that counsel failed to make a reasonable investigation into of law and facts relevant to plausible options. The petitioner's objections reiterate claims made in his Reply—that counsel failed to contact "Jenny" at Bulletin Board in Fairmont, West Virginia; failed to hire a handwriting expert to determine whether it was the petitioner's

signature on a written statement to the ATF; and failed to contact Walter Cooley, who the petitioner claims would provide support for the petitioner's version of events regarding how the gun was acquired.

This Court agrees with the magistrate judge and adopts his recommendation of dismissal on the grounds that the argument is procedurally barred and is also without merit. First, the petitioner validly waived his collateral attack rights as part of his plea agreement and that the petitioner's claim falls within the scope of the collateral attack waiver.

Additionally, the information provided by the petitioner does not provide any real basis for objecting to the obstruction enhancement. First, the Court stated at the sentencing hearing that the two-level adjustment for obstruction of justice was based on the petitioner's false testimony relating to the petitioner's conversations with the officer who entered the petitioner's home. Therefore, the three sources that the petitioner cites would have no impact on the two-level enhancement. Second, the probation officer recommended an enhancement for obstruction of justice based on the petitioner's statements regarding the petitioner's signature on a written admission.

At sentencing, the Court states:

> I am adjusting upwards two levels for obstruction of justice based on what I concluded was false testimony about a material matter concerning your interaction with the police officers on the occasion of the search of your home and specifically that you had stated to them—wait a minute, I want to get it specifically here, that you had directed Gearde not to enter without a warrant and after that exchange he proceeded to enter the house ignoring your . . . directive and then you . . . also told Officer Bearden to instruct . . . Deputy Gearde . . . that he was not welcome to enter and that you then testified you did everything you could to tell the officers they were not welcome to enter without a warrant. You never saw a warrant and there wasn't one obviously and also that the . . . deputies ignored, you know, your specific directive for

> them not to enter the house. So . . . that's the specific basis for my determination that the adjustment for obstruction of justice is applicable here based on what I conclude is false testimony. Now the adjusted offense level subtotal therefore is a 22.

[Crim. Doc. 80 at 7–8].

The probation officer also recommended a two-level enhancement under the guidelines for obstruction of justice. Although the petitioner's counsel withdrew the objection, the Court stated that it intended to overrule that objection had it not been withdrawn. The recommendation by the probation officer was based on the petitioner's testimony at the November 24, 2009 Motion Hearing. At the hearing, the petitioner claimed that he did not sign his name to an ATF statement form [Crim. Doc. 79 at 64–66]. The ATF Agent later testified that he watched the petitioner sign the form [Id. at 70].

The issue of contacting "Jenny" at Bulletin Board in Fairmont, West Virginia or Walter Cooley regarding the petitioner's acquisition of the gun is unrelated to the obstruction of justice recommendation. Therefore, the only significant issue is whether the petitioner's counsel provided ineffective assistance of counsel by failing to further investigate the issue of the handwriting and to engage a handwriting expert. The testimony shows that counsel did in fact hire a handwriting expert but chose not to call him as a witness.

At the November 16, 2009 hearing, the petitioner's counsel discussed the issue of a handwriting expert with the Court. The transcript states, in relevant part:

> Mr. Berry: That [led] to my petition to the Court for leave to engage a handwriting expert because Mr. Ramage claims that . . . those signatures were not his.

> The Court: Oh, okay. I remember. I authorized the—
>
> Mr. Berry: You did authorize that and I did engage an expert, Your Honor.
>
> . . . .
>
> Mr. Berry: I did follow up by trying to, or by engaging actually, a handwriting expert to determine if in fact the handwriting was Mr. Ramage's, if he had signed the documents and without going into that further, Your Honor, I mean that—that's basically—
>
> The Court: You concluded you should not pursue that avenue of defense?
>
> Mr. Berry: I have no—no basis for pursuing it.
>
> The Court: Okay. Let me tell you something, Mr. Ramage, if you want to go to trial and you use or you do preliminarily try to get the Indictment voided on the basis that—or dismissed on the basis that your Constitutional rights were violated on this ground, do you understand that the Government will have a right to call your handwriting expert?
>
> The Defendant: Yes ma'am.
>
> The Court: And if the handwriting expert gets on the stand and says that's Ramage's handwriting and he waived his *Miranda* rights and you get on the stand and say that's not my handwriting and I didn't waive, somebody's lying. Do you understand that?
>
> The Defendant: Yes ma'am.
>
> The Court: I mean it can't be any clearer, can it?
>
> The Defendant: No.

[Crim. Doc. 78 at 9–11].

"'[T]he decision whether to call a defense witness is a strategic decision' demanding the assessment and balancing of perceived benefits against perceived risks, and one to which '[w]e must afford enormous deference.'" **United States v. Terry**, 366 F.3d 312, 317 (4th Cir. 2004) (quoting **United States v. Kozinski**, 16 F.3d 795, 813 (7th Cir. 1994)).

The record clearly shows that the petitioner's counsel did engage a handwriting expert and decided not to pursue that avenue of defense because the petitioner's counsel had "no basis for pursuing it." [Id. at 10]. Counsel's decision not to call the handwriting

12

expert, therefore, was justified by ample strategic reasons and, thus, was not ineffective assistance of counsel.

The petitioner's counsel also made a strategic decision regarding strategy with respect to withdrawing his objections to the presentence report. The petitioner's counsel filed objections to the information contained in the presentence report. At sentencing, however, the petitioner's counsel stated that he wished to withdraw the challenge in order to pursue a reduction for acceptance of responsibility. [Id. at 6]. Judge Keeley stated that if the objection had not been withdrawn, it had been her intention to overrule the objection and to follow the recommendation of the Probation Officer. This Court agrees with the magistrate judge's recommendation and adopts the recommendation of dismissal because decisions regarding objections are classic examples of objectively reasonable trial strategy. See **Humphries v. Ozmint**, 397 F.3d 206, 234 (4th Cir. 2005).

The petitioner cannot demonstrate ineffective assistance of counsel based upon an alleged failure to engage a handwriting expert and an alleged failure to research the issue of prior to withdrawing the objection to the obstruction enhancement. Accordingly, the petitioner's Objections are hereby **OVERRULED** to the extent that they relate to ineffective assistance of counsel related to the obstruction of justice enhancement.

### C. Clear Error Review

Having reviewed the remainder of Magistrate Judge Joel's recommendations for clear error, this Court finds none.

## IV.     Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Amended Report and Recommendation **[Civ. Doc. 45; Crim. Doc. 149]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.  Further, the petitioner's Objections **[Civ. Doc. 47; Crim. Doc. 151]** are **OVERRULED**. Accordingly, the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[Civ. Doc. 13; Crim. Doc. 114]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE**, the Report and Recommendation **[Civ. Doc. 39; Crim. Doc. 141]** is **VACATED**, and the petitioner's Motion to Request Adjudication or Hearing **[Civ. Doc. 48; Crim. Doc. 153]** is **DISMISSED AS MOOT**.  As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent and strike this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** July 1, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE